FILED
United States Court of Appeals
Tenth Circuit

December 21, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

FREIDA L. MITCHELL,

     Plaintiff - Appellant,

v.

JESSICA LIETAER, Esq.,

     Defendant - Appellee.

No. 18-1409
(D.C. No. 1:18-CV-02071-LTB)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Freida Mitchell, a pro se litigant, appeals the dismissal of her action by the United States District Court for the District of Colorado for lack of subject-matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Ms. Mitchell filed a complaint against Jessica Lietaer—an attorney who represented the United States Postal Service (USPS) in an administrative proceeding brought by Ms. Mitchell before the Equal Employment Opportunity Commission. The

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint purportedly sets forth claims under Title VII of the Civil Rights Act of 1964. But it merely alleges a legal-malpractice or professional-misconduct claim insufficient to invoke the court's federal-subject-matter jurisdiction and fails to provide a basis for exercising diversity jurisdiction.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted). "[J]urisdiction under § 1331 exists only where there is a 'colorable' claim arising under federal law." *See McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014). "[A] court may dismiss for lack of subject-matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* at 1156–57. (internal quotation marks omitted).

Ms. Mitchell fails to allege a "colorable" claim arising under federal law. As an initial matter, we note that her complaint's stated basis for jurisdiction is "Legal Malpractice, 18 U.S.C. § 1332." R. at 36. But she does not cite any federal law providing a cause of action for legal malpractice, and we are aware of none. And although elsewhere in her complaint she alleges that Title VII gives rise to subject-matter

2

jurisdiction in her case, she fails to allege anything close to discrimination by an employer. Indeed, she even fails to allege that Ms. Lietaer was her employer or a supervisory employee liable in an official capacity. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (individual supervisor cannot be held personally liable under Title VII). We note that Ms. Mitchell previously appealed the dismissal of her Title VII claim against USPS, which we dismissed as frivolous. *See Mitchell v. Brennan*, 728 F. App'x 876, 876 (10th Cir. 2018). Any claim under Title VII here would be so "devoid of merit" that jurisdiction under § 1331 does not exist. *McKenzie*, 761 F.3d at 1157 (internal quotation marks omitted).

Nor can Ms. Mitchell invoke diversity jurisdiction. Diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). But Ms. Mitchell does not allege diversity of citizenship and the addresses provided in her complaint for both herself and Ms. Lietaer are in Colorado.

## I.    CONCLUSION

We **AFFIRM** the district court's order of dismissal and **DENY** Ms. Mitchell's motion to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge

3